IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MARVIN RAY THOMSON, III, #125898 )
)
v. ) NO: 1:20-00022
)
MAURY COUNTY JAIL, et al. )

**TO: Honorable William L. Campbell, Jr., District Judge**

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered June 23, 2020 (Docket Entry No. 8), this *pro se* and *in forma pauperis* civil action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending before the Court is the motion to dismiss filed by Defendant David Stewart (Docket Entry No. 19), to which Plaintiff has not filed a response. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Marvin Ray Thomson, III ("Plaintiff") is currently an inmate within the Maury County Jail in Columbia, Tennessee. On April 23, 2020, he filed this lawsuit *pro se* and *in forma pauperis* against the Jail, the Maury County Sheriff's Department ("Sheriff's Department"), and Sheriff's Department Sergeant David Stewart ("Stewart"). Plaintiff seeks damages under 42 U.S.C. § 1983 for alleged violations of his civil rights.

Plaintiff asserts that he was released from the Maury County Jail on January 31, 2019, to a rehabilitation program, where he stayed until he completed the program and moved into a half-way house in Gallatin, Tennessee on March 1, 2019. *See* Amended Complaint (Docket Entry No. 7) at 4-5. Plaintiff asserts that on March 2, 2019, he was riding home from his newly obtained job in a car with one of his house mates when the car was pulled over by Gallatin Police Department officers for a traffic violation. *Id.* at 5. He contends that the officers discovered that there was an outstanding arrest warrant for him that had been sworn out by Stewart on February 18, 2019, and he was taken into custody by the officers. *Id*. Plaintiff asserts that he was taken to the Sumner County Jail, where he was held for one night, and then was transferred to the Maury County Jail, where he was held for four nights until he was taken before a Maury County Judge and released by the judge. *Id*. at 5-6. Plaintiff asserts that he eventually made it back to Gallatin, but that he lost his job as a result of the incident. *Id*. at 6-7.[1]

Plaintiff does not set out the exact criminal charge that was lodged against him by Stewart but he alleges that Stewart accused him of violating his furlough by not being in the rehabilitation program when he was supposed to be there. *Id*. at 5-6. Plaintiff contends that this was a false accusation by Stewart and that Stewart's actions led to his false arrest and his subsequent wrongful imprisonment in the two county jails for a period of several days. Plaintiff also contends that Stewart's false accusations defamed him. *Id*. at 7.

Upon the Court's initial review of the lawsuit under 28 U.S.C. § 1915(e)(2), the Court directed that process issue to Defendant Stewart on Plaintiff's claim that his Fourth Amendment

---

[1] Although Plaintiff was an inmate at the Maury County Jail at the time he filed this lawsuit and is currently an inmate at the Jail, his current confinement is not alleged to be related to the actions of Stewart.

rights had been violated and on Plaintiff's state law defamation claim. *See* Docket Entry No. 8 at 5. The Court dismissed all claims against the Maury County Jail and the Maury County Sheriff's Department for lack of an arguable legal basis. *Id*. at 5-6. In lieu of an answer, Defendant Stewart has filed the pending motion to dismiss.

By his motion, Defendant Stewart argues that Plaintiff's lawsuit was not timely filed because it was not filed within one year of the events at issue. Defendant first contends that the public records regarding Plaintiff's arrest show that he was not detained for several days and nights as a result of the arrest warrant as he alleges, but was instead arrested on March 5, 2019, and released the next day.[2] Regardless of the exact dates of Plaintiff's arrest and detention, however, Defendant asserts that Plaintiff's own allegations are that he was released from detention on the arrest warrant on March 6, 2019. Defendant contends that this date triggered the one year statute of limitations that applies to Plaintiff's claims that his constitutional rights were violated and that he was required to bring his claims within one year of this date, but that he did not file his lawsuit until April 23, 2020. *See* Memorandum in Support (Docket Entry No. 18).

By Order entered August 4, 2020, the Court notified Plaintiff of the need to respond to the motion and set a deadline of September 11, 2020, for his response. *See* Docket Entry No. 19. Although Local Rule 7.01(a)(3) requires a response to a motion to dismiss to be filed within 14 days after the motion is filed, the Court *sua sponte* granted several additional weeks to Plaintiff to file his response. To-date, Plaintiff has not responded in any manner to the motion or otherwise contacted the Court since the motion was filed.

---

[2] In support of its motion, Defendant submits the declaration of Melissa Wary, the Custodian of Records for the Sheriff's Department (Docket Entry No. 15), the declaration of Robyn Beale Williams, Defendant's attorney of record (Docket Entry No. 16), and documents attached thereto.

## II. STANDARD OF REVIEW

Defendant's motions to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff must nonetheless provide factual grounds supporting his claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's factual allegations must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## III. CONCLUSION

Defendant's motion to dismiss should be granted. First, although Plaintiff was specifically notified of the motion, given an extended response deadline, and warned of the need to respond, he has not responded in any manner to the motion. Under Local Rule 7.01(a)(3), Plaintiff's failure to file a response indicates that there is no opposition to the motion. *See also Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir.1989) (unpublished table decision) ("if a

4

plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

Second, and more importantly, review of the motion shows that Defendant's statute of limitations defense has merit and that Plaintiff's lawsuit warrants dismissal based upon on the allegations set out in his amended complaint. Defendant correctly points out that a one-year statute of limitations applies to both Plaintiff's claim that his constitutional rights were violated and his claim for defamation, *see* Tenn. Code. Ann. §§ 28-3-104(a)(1)(A) and (B); *Eidson v. Tenn. Dep't of Children's Services*, 510 F.3d 631, 634 (6th Cir. 2007); *Clark v. Viacom Intern., Inc.,* 617 Fed.. App'x 495, 500-01 (6th Cir. 2015), and that the limitations period began to run no later than his release from the alleged wrongful detention. *See Wallace v. Kato*, 549 U.S. 384, 388-91 (2007); *Clark*, *supra*.

The Court finds this argument is legally sound and supports dismissal of Plaintiff's lawsuit.[3] In the absence of a response from Plaintiff that rebuts this argument and shows why his claims should not be dismissed, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) ("This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson*

---

[3] Because Plaintiff's own allegations are that he was released from the detention related to the alleged wrongful arrest on March 6, 2019, it is not necessary to address Defendant's argument that Plaintiff was not actually detained for as long as he alleges or to review the evidence submitted in support of the motion to dismiss.

*Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion to dismiss of Defendant David Stewart (Docket Entry No. 14) be GRANTED and that this lawsuit be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                              Respectfully submitted,

                              BARBARA D. HOLMES
                              United States Magistrate Judge